**FILED**

July 7, 2020

Clerk, U.S. District Court
Western District of Texas

By: _____
                              Deputy

United States District Court
Western District of Texas
Austin Division

United States of America,
  Plaintiff,

v.

Stoney Brett Barton (1) and
Christopher Lynch (2),
  Defendants.

No. A-19-CR-298-LY

**Superseding Indictment**

[Violations:
Count One:  18 U.S.C. § 371, Conspiracy to
Defraud the United States
Count Two:  26 U.S.C. § 7206(1), False
Income Tax Return]

The Grand Jury Charges:

**Count One**
Conspiracy to Defraud the United States
18 U.S.C. § 371

1.  Starting in or about 2009 and continuing until in or about 2015, the exact dates being

unknown to the Grand Jury ("the relevant period"), in the Western District of Texas and

elsewhere, the Defendants,

STONEY BRETT BARTON
and
CHRISTOPHER LYNCH,

unlawfully, voluntarily, intentionally and knowingly conspired, combined, confederated and

agreed with each other and with other persons known and unknown to the Grand Jury to defraud

the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful

government functions of the Internal Revenue Service of the United States Department of the

Treasury (IRS) in the ascertainment, computation, assessment, and collection of income tax.

**Individuals and Entities**

2.  Throughout the relevant period, the following were true:

a.  Barton and his spouse ("the Bartons") resided in Austin, Texas, which is in the

Western District of Texas.

**Superseding Indictment**                                                    **Page 1 of 7**

b.   Company A was a privately held corporation with its principal place of business in Austin, Texas.  It was in the business of manufacturing and selling chemicals for industrial uses.

c.   The Bartons owned all or substantially all of the shares of Company A's stock. They also were officers and employees of Company A.

d.   Lynch was a certified public accountant who resided in Austin, Texas.  Lynch acted as a personal accountant and tax return preparer for the Bartons, and during part of the relevant period Lynch served as the chief financial officer of Company A.

e.   The IRS was an agency of the United States government that was responsible for assessing and collecting income tax under the duly enacted law of the United States.

f.   The IRS Austin Service Center was an IRS facility in the Western District of Texas where taxpayers filed income tax returns.

### Purpose of the Conspiracy

3.   The purpose of the conspiracy was to enrich the Bartons unjustly and unlawfully by preventing the IRS from assessing and collecting income tax that the Bartons owed to the United States.

### Manner and Means of the Conspiracy

4.   The Defendants, personally and by and through each other and others known and unknown to the Grand Jury, from time to time during the relevant period, in the Western District of Texas and elsewhere, sought to accomplish the purpose of the conspiracy in the following manner and by the following means.

5.   In order to conceal income that the Bartons received from Company A, the Defendants sometimes caused Company A to pay the Bartons' personal expenses rather than

compensating the Bartons by way of salary or other direct payments.

6.   In order to conceal income that the Bartons received from Company A, Barton and Lynch falsified company books and records to create the false appearance that Company A's payments directly to the Bartons, as well as Company A's payments to other parties for the Bartons' personal expenses, were repayments of loans.  Specifically:

a.   The books and records of Company A included an account titled Loans from Shareholders that purported to reflect amounts that the Bartons had lent to Company A;

b.   By making one or more false entries in that account, or causing others to make them, Lynch altered the balance of the account so that Company A appeared to owe money to the Bartons that Barton and Lynch knew Company A in fact did not owe;

c.   Lynch and Barton caused Company A's payments to the Bartons, as well as Company A's payments to other parties for the Bartons' personal expenses, to be recorded in the Loans from Shareholders account.

d.   Recording those payments in the Loans from Shareholders account created the false appearance that Company A was repaying money that the Bartons had lent to the company, whereas Barton and Lynch knew that the Bartons had not lent the money to Company A, and knew the payments were actually income to the Bartons.

7.   Lynch prepared individual income tax returns for the Bartons for 2010 and 2011 that were false and fraudulent in that they did not disclose to the IRS substantial income that the Bartons received from Company A; and Barton and Lynch filed those false and fraudulent tax returns at the IRS Austin Service Center, or caused them to be filed there, knowing them to be false and fraudulent.

8.   Barton and Lynch withheld material information from professional tax return

preparers other than Lynch for the purpose of causing those professional tax return preparers unwittingly to prepare tax returns for the Bartons for 2013 and 2014 that were false and fraudulent; and Barton filed those false and fraudulent tax returns at the IRS Austin Service Center, or caused them to be filed there, knowing them to be false and fraudulent.

### Overt Acts in Furtherance of the Conspiracy

9.   In or about 2011, Lynch made a false entry in Company A's Loans from Shareholders account, causing that account to reflect that the Bartons had lent funds to Company A that in fact they had not lent to Company A.

10. In or about 2012, Lynch prepared a 2011 Form 1040 Individual Income Tax Return for the Bartons that was false and fraudulent because it failed to disclose to the IRS approximately $2.9 million that Company A paid to the Bartons or to others for the Bartons' expenses in 2011.

11. On or about October 15, 2012, Lynch and Barton filed the false and fraudulent 2011 Form 1040, and caused it to be filed, at the IRS Austin Service Center.

12. In or about 2013, Lynch prepared a 2010 Form 1040 Individual Income Tax Return for the Bartons that was false and fraudulent because, among other reasons, it failed to disclose to the IRS approximately $800,000 that Company A paid to the Bartons or to others for the Bartons' expenses during 2010.

13. On or about June 27, 2013, Lynch and Barton filed the false and fraudulent 2010 Form 1040, or caused it to be filed, at the IRS Austin Service Center.

14. On or about December 27, 2013, Company A made a payment of approximately $100,000 on an American Express credit card bill that included substantial charges for the Bartons' personal expenses.

15. In or about December 2013, when Company A made a payment of approximately $76,638 for the Bartons' personal expenses, Barton and Lynch caused that payment to be recorded in the Loans from Shareholders account, creating the false appearance that Company A was repaying money that the Bartons had lent to Company A.

16. On a date not known to the Grand Jury, Lynch prepared a 2013 Form 1040 Individual Income Tax Return for the Bartons ("the Lynch 2013 return") that was false and fraudulent because it failed to disclose to the IRS approximately $1.3 million that Company A paid to or for the Bartons in 2013.

17. On a date not known to the Grand Jury, one or both of the Defendants caused the Lynch 2013 return to be provided to a professional tax return preparer with the expectation that he or she would rely on the information in the Lynch 2013 return to prepare another 2013 Form 1040 Individual Income Tax Return for the Bartons.

18. In or about 2015, one or both of the Defendants provided to a professional tax return preparer documents that contained false, incomplete, and misleading information, including Company A's 2013 Form 1120S, U.S. Income Tax Return for an S Corporation (prepared by Lynch) and Company A's financial statements (ostensibly audited by Lynch), thereby causing that tax return preparer to prepare unwittingly a 2013 Form 1040 Individual Income Tax Return for the Bartons that was false and fraudulent.

19. On or about November 11, 2016, Barton filed the false and fraudulent 2013 Form 1040, or caused it to be filed, at the IRS Austin Service Center.

All in violation of Section 371 of Title 18 of the United States Code.

## Count Two
### Making and Subscribing a False Tax Return
### 26 U.S.C. § 7206(1)

On or about June 27, 2013, in the Western District of Texas, the Defendant,

STONEY BRETT BARTON,

willfully made and subscribed a U.S. Individual Income Tax Return, Form 1040 for the year 2010 ("the Return"), which contained and was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every material matter.  Specifically, the Defendant knew that the amount of income disclosed on the Return was false because he and his spouse received substantial income during 2010 that the Return did not disclose to the IRS.

In violation of Section 7206(1) of Title 26 of the United States Code.

## Notice of Government's Demand for Forfeiture

As a result of the criminal violation set forth in Count One above, the United States gives notice that it intends to forfeit, but is not limited to forfeiting, the below-listed property from Defendants Stoney Brett Barton (1) and Christopher Lynch (2).  Defendants shall forfeit all right, title, and interest in said property to the United States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 981(a)(1)(C), which is made applicable by 18 U.S.C. § 2461(c).  Section 981 provides, in pertinent part, the following:

## 18 U.S.C. § 981.  Civil Forfeiture

**(a)(1)** The following property is subject to forfeiture to the United States:

**(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . .  any offense constituting "specific unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

This notice of Demand of Forfeiture includes, but is not limited to the following:

**Money Judgment:**

A sum of money that represents the amount of proceeds obtained, directly, or indirectly, as a result of the violation set forth in the Indictment for which Defendants Stoney Brett Barton (1) and Christopher Lynch (2) are liable.

**Substitute Assets:**

If any property subject to forfeiture for the violations set forth above, as a result of any act or omission by Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by Defendants up to the value of said Money Judgment as substitute assets, pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(p).

A TRUE BILL:

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002
FOREPERSON

JOHN F. BASH
United States Attorney

By:

ALAN M. BUIE
Assistant United States Attorney